LEMMON, Judge.
This case involves a collision between a car and a city bus. Richard Smith and Royal Globe Indemnity Company, the insurer of the rented car Smith was driving, have appealed from a judgment, following a trial on the merits, which found Smith and the bus operator jointly liable for the accident.[1]
Plaintiff, who was a passenger on the bus, and the bus operator were the only two witnesses who testified in the case. (Smith was a California domicilliary, and his attendance could not be compelled.) Since plaintiff’s testimony completely exonerated Smith, the trial court was presented with two conflicting versions of the occurrence.
The basic premise of Smith’s appeal is that this was an either/or situation — either he \vas liable, or the bus operator was liable. Smith argues that it is impossible to construe the conflicting evidence in this case so as to find both drivers negligent. We agree.
The accident occurred at the intersection of Canal and Basin Streets in New Oi’leans. At this point Canal Street ran north-south and was divided by a wide neutral ground, on which city buses traveled in both directions. Canal Street itself had three lanes for traffic in each direction. Basin Street ran east-west and was a much narrower street which had no neutral ground within the intersection. There was a “no left turn” sign facing northbound traffic on Canal Street.
The bus operator testified: He was traveling north at about 15 miles per hour in the bus lane on the neutral ground; Smith was traveling north in the middle lane of Canal Street “a few feet ahead of the bus”, and Smith maintained that distance as they approached the intersection; the light was *1157 green for Canal Street traffic; when Smith was about halfway across Basin Street, Smith made a wide left turn across his path; he applied his brakes and veered to his left about two feet into the southbound bus lane in an attempt to gain more stopping distance, but struck the car at the left rear door; and the car was moving at impact, but did not move at all after the impact, which caused very little damage to the car.
On the other hand, plaintiff testified: She was all the way in front of the bus, standing between the driver and the door preparatory to leaving the bus at the next stop; she first noticed Smith’s car when “we had crossed Canal and Rampart”, the intersection just before the one at which the collision occurred; at the time she first noticed it, the car was stopped within the Canal Street neutral ground in the bus’ path; the bus was moving at a fast rate of speed, and the bus operator “kept ahitting something” with his right foot but “couldn’t stop so he went around”; and as the bus got close, the car moved up, and they collided in the southbound bus lane. Plaintiff was injured when she fell backward at impact.
The two versions were directly conflicting. In one the car was completely stopped, and the bus driver was solely negligent. In the other the car made a sudden, illegal left turn, and Smith was solely negligent. Under neither version could both drivers be negligent.
In considering which of the two contradictory versions should have been accepted, we view the bus driver’s version as implausible. It was virtually impossible for Smith to make a wide left turn from the middle vehicular lane, when only a few feet in front of the bus, and be struck in the left rear, with the point of impact at least partially in the southbound bus lane. Furthermore, the trial court apparently found at least part of plaintiff’s testimony to be credible, since she did not report an injury to the bus operator or to his company but obtained an award solely on her uncorroborated testimony of being injured while on the bus. When all of these circumstances are considered, this record does not support a judgment finding Smith liable.
Accordingly, the judgment of the trial court is reversed in part, and it is now ordered that plaintiff’s suit against Richard Smith and Royal Globe Indemnity Company be dismissed.

REVERSED IN PART.

. The bus operator and the bus company did not appeal, and the judgment against them is now definitive.